IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

2022 OCT 17 A 7:56

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 17 2022

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

JAMES SCOTT OLIVER,
    Petitioner,

v.        Case No. 4:17-CR-00293-BSM-46

UNITED STATES OF AMERICA,
    Respondent.

MOTION FOR RECONSIDERATION PURSUANT TO THE
FED. R. CIV. P. 59(e)

COMES NOW, Petitioner pro-se James Scott Oliver, who moves this Honorable Court to Reconsider its Order dated 09-27-2022, Document No: 2571-1, in which the Court denied Oliver's motion pursuant to 28 U.S.C. § 2255.

Oliver also moves the Honorable United States District Judge Brian S. Miller, to Recuse himself from any further proceedings in this case, for all the reasons stated infra, including the attached Affidavit.

## I. BACKGROUND

The background is well documented and not directly in dispute, hence need not be repeated.

1.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010)(citation omitted).

It is the moving party's burden to establish one of these three grounds in order to obtain relief under this rule. Loren Data Corp. v. GXS, Inc., 501 Fed. App'x 275, 285 (4th Cir. 2012).

The decision whether to reconsider an order pursuant to this rule is within the discretion of the district court. See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995).

## III. PERSUASIVE AUTHORITY

Oliver, moves the court to accept the case law in this motion as "persuasive authority", on the grounds that F.C.I. Beckley, has been experiencing, lockdowns, and modified lockdowns, due to violence and the Special Housing Unit, being filled to capacity.

Oliver's ability to access the law library has been blocked, and Oliver cannot cite to Eighth Circuit case law on the issues, and moves the court to accept out of circuit law as it relates to Reconsideration and Recusal.

## IV. RECONSIDERATION UNDER 59(e)

A motion for reconsideration of a civil judgment may be filed within twenty-eight days of entry of the judgment, Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59(e) motion are newly discovered evidence or manifest error of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)

Regarding the meaning of the term "Manifest Injustice," it has been noted that: There is no judicial consensus... but several courts have applied the Black's Law Dictionary definition, which states that "Manifest Injustice" is an error in the trial court that is direct, obvious, and observable,... A party may only be granted Reconsideration based on Manifest Injustice if the error is apparent, to the point of being indisputable.

In order for a court to reconsider a decision due to "Manifest Injustice," the record presented must be so... patently unfair and tainted that the error is manifestly clear to all who view it. Black v. McKarry Med. Coll. Case No. 3:15-cv-00204, 2017 U.S. Dist. LEXIS 58289 at *2-3, quoting In re Roemmele, 466 B.R. 706, 712 (Bankr. E.D. PA. Mar. 14, 2012).

Oliver, moves this court to use its discretion to reconsider its order Document No. 2571-1, in which the court denied Olivers 28 U.S.C. § 2255 Motion

3

Oliver, argues that this court made an error that amounts to a Manifest Injustice, when the court denied his 28 U.S.C. § 2255 motion, without giving him the opportunity to file a reply to the Governments Response in opposition to his §2255 motion. See Documents 2526, and 2563.

The Government filed it's Response in opposition, to Olivers, motion to Vacate, on 09-15-2022, which Oliver, did not Receive until 09-20-2022. Oliver immediately filed a motion for an extension of time, in which to file a Reply.

Before Oliver could even get his motion for an extension of time wrote and in the mail he received this court's order denying his §2255 motion. See Document 2571-1 dated 09-27-2022.

It is Patently Unfair to prevent a pro-se petitioner from filing a Reply to the Government Response in opposition to Petitioner's Initial §2255. This is a clear error to all who view it.

The life of Olivers pro-se 28 U.S.C. §2255 motion is less than sixty days, This is highly prejudicial and unfair, This Honorable court should use its discretion to prevent this Manifest Injustice and Reconsider it's order of denial Document 2571-1, and Re-Open Olivers 28 U.S.C. §2255 motion, Document 2526, so as to allow him to file a Reply to the Governments

4.

Response in Opposition to Olivers pro-se motion under 28 U.S.C. § 2255, Document 1563.

RECUSAL PURSUANT TO 28 U.S.C. §§ 144 & 455(a)

28 U.S.C. § 144 Bias or Prejudice of Judge: Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the Judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further thereid, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the begining of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.

A party may file only one such affidavit in any case, it shall be accompanied by a certificate of counsel of record stating that it is made in good faith. See Attached Affidavite and Certificate of Counsel.

28 U.S.C.S. § 455(a), a federal Judge shall disqualify himself in any proceeding in which his impartiality

5.

might reasonably be questioned. The standard for determining whether a judge should recuse herself is an objective one, requiring the Court to consider whether a disinterested observer, fully informed of the facts underlying the grounds on which recusal was sought, would entertain a significant doubt about the judges impartiality. The party seeking recusal must provide specific facts establishing the perceived bias.

SPECIFIC FACTS:

Oliver, seeks the Hon. Brian S. Miller's recusal on the grounds that the Judges "IMPARTIALITY" has been reasonably called into question.

The Honorable Judge Miller, was bias and in fact did prejudice Oliver by NOT allowing Oliver to file a Reply to the Government's response Document No. 2563.

On August 8, 2022, Oliver filed his initial 28 U.S.C. § 2255 motion to Vacate, set aside, or correct a sentence, see Document 2526.

The Government filed a Response in Opposition dated 09-15-2022, Document 2563.

Twelve days later without allowing Oliver one iota of a chance to file a reply The Honorable

6.

Judge Brian S. Miller, denied Oliver's 28 U.S.C. § 2255 motion, Document 2571-1 dated 09-27-2022.

The Judges denial of Oliver's 28 U.S.C. § 2255 motion, Document 2571-1, without allowing Oliver the right to file a Reply to The Governments Response, Document 2563, was prejudice in favor of the adverse party, the Government. See Attached Affidavit and Certificate of Counsel of record.

## CONCLUSION

For all the reasons stated supra, Oliver pray's that this Court will reconsider it's denial, Document 2571-1 and that the Honorable Judge Brian S. Miller, recuse himself from any further proceedings.   IT IS SO REQUESTED.

## CERTIFICATE OF SERVICE

This is to certify that the undersigned through no fault of his own is unable to serve any interested parties, due to ongoing lockdowns and modified lockdowns that are ongoing, due to the shu being filled to over-capacity and ongoing violence.

Certified on the 12th day of October of 2022

_James Oliver_ 21867-009    10-12-22
                             Petitioner, Pro-Se

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES SCOTT OLIVER,
  Petitioner,

V.                    Case No. 4:17-CR-00293-BSM-46

                              SWORN AFFIDAVIT OF
UNITED STATES OF AMERICA,     JAMES SCOTT OLIVER
  Respondent.

VERIFIED AFFIDAVIT OF JAMES SCOTT OLIVER

I, James Scott Oliver, understanding that this affidavit it signed under penalty of perjury and under oath pursuant to 28 U.S.C. § 1746 so states and deposes as follows:

1. That, my name is James Scott Oliver, I am over the age of eighteen years old. I am the petitioner in the above styled action and I have personal knowledge of the facts to which I articulate herein:

2. That, I am the petitioner in the above cited cause and the defendant in the criminal action.

3. That, I filed a motion to vacate, set aside, or correct a sentence on August 8, 2022. See Document 2526.

1.

4. That, The Government filed a Response in opposition to my 28 U.S.C. § 2255, on 09-15-2022, see Document 2563.

5. That, The Honorable Judge Brian S. Miller, denied my 28 U.S.C. § 2255, motion on 09-27-2022, Document 2574.

6. That, The Honorable Judge Brian S. Miller, did deprive me of the right to file a reply to the Governments motion in opposition Document no. 2563, when The Judge denied my motion on 09-27-2022, Document 2574.

7. That, The Judges denial, was bias and prejudicial, and worked in the Governments favor, and was very unfair to me.

8. That, had The Judge not denied my 28 U.S.C. § 2255 motion pre-maturely I would have filed a sufficient reply that could have led to an "Evidentiary Hearing" or a "Certificate of Appealability".

9. That, except for The Judges bias or prejudice The pro-se § 2255 motion would still be alive.

Further Affiant Sayeth Naught:
Executed on this 12 day of October 2022, under oath and penalty of perjury pursuant to 28 U.S.C. § 1746.

James Oden  21867-009  10-12-22

2.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES SCOTT OLIVER,
    Petitioner,

V.              Case No. 4:17-CR-00293-BSM-46

UNITED STATES OF AMERICA,
    Respondent.

CERTIFICATE OF COUNSEL OF RECORD

    COMES NOW, Petitioner pro-se Counsel of Record James Scott Oliver, who filed a Affidavit, and this motion "Certificate of Counsel of Record, and so states that the Affidavit accompanied hereto is made in good faith.

    I James Scott Oliver, pro-se Counsel of Record certify this under penalty of perjury and under oath pursuant to 28 U.S.C. § 1746.

    On this 12 day of October of 2022.

James Oliver 21867-009    10-12-22
                                  Petitioner Pro-se
Counsel of Record

James Scott Oliver #21867-009
Federal Correctional Institution
F.C.I. BECKLEY
P.O. Box 350
BEAVER, WV 25813